GEORGE DOWNING et al. v. STATE.

No. A-4539.    Opinion Filed Nov. 15, 1924.

(230 Pac. 285.)

(Syllabus.)

1.  Trial—Question for Jury—Waiver of Issuance of Search Warrant. Where a public rooming house is searched and liquor seized, the question of whether the persons in charge waive the issuance of a search warrant may be a question of fact for the jury. In this case there was testimony tending to show that the accused waived this right.

2.    **Instructions Held Proper.** The instructions relating to a waiver of the issuance of a search warrant and the right of an officer to make an arrest without a warrant for an offense committed in his presence held proper.

Appeal from County Court, Ottawa County; Q. P. McGhee, Judge.

George Downing and Frances Downing were convicted of the illegal possession of intoxicating liquor, and they appeal. Affirmed.

Stalcup & Weaver, for plaintiffs in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. George Downing and Frances Downing, plaintiffs in error, defendants in the trial court, were in the county court of Ottawa county convicted of the illegal possession of a large number of bottles of whisky. The proof shows that on May 6, 1922, this whisky was found concealed within a hidden receptacle back of a removable panel in the wall of the rooming house operated by the defendants. The punishment of George Downing was fixed by the court at confinement in the county jail for a period of 30 days and to pay a fine of $500; the penalty assessed against Frances Downing was a like jail sentence, and a fine of $100.

The proof shows that this rooming house had been frequently searched for intoxicating liquor prior to this time, and that a restraining order had been issued against these defendants, restraining the use of the premises for illegal distribution of liquor. That it was a place of public resort, frequented by persons who were in the habit of drinking intoxicants. The conduct of the defendants at the time of their arrest, in connection with all the other circumstances shown, indicated that they had the liquor there for an illegal purpose.

Defendants say that the evidence introduced was procured by means of an illegal search and seizure. On this point there was evidence to the effect that legal process authorizing a search and seizure was waived. This question of waiver, like other issues of fact, was for the jury; the court so instructed the jury, and also instructed the jury as to the right of an officer to make an arrest and seizure as an incident to the breaking of one of the bottles of whisky in the presence of one of the officers who placed the defendants under arrest. We assume, therefore, that the jury found these issues of fact in favor of the state.

The judgment of the trial court is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.